United States District Court
Southern District of Texas
ENTERED
November 22, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DARREN SEIGEL, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-102 |
| | § | |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE STRUCTURED ASSET INVESTMENT LOAN TURST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-10, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant U.S. Bank National Association[1] ("U.S. Bank") moves for summary judgment in this foreclosure action. In 2009, Plaintiffs Darren and Heidi Siegel ("the Siegels") defaulted on their real property lien. According to the Siegels, the Texas four-year statute of limitations on foreclosure began to run when U.S. Bank accelerated the mortgage. They argue that U.S. Bank is now time-barred from foreclosing. U.S. Bank counters that it timely and unilaterally abandoned acceleration, effectively resetting the statute of limitations. At issue is whether U.S. Bank can, and did, unilaterally abandon acceleration. For reasons described below, the Court **GRANTS** U.S. Bank's motion for summary judgment.

**BACKGROUND**[2]

[1] U.S. Bank appears as Trustee for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2005-10.
[2] Neither party disputes these facts.

In 2005, the Siegels executed a "Texas Home Equity Adjustable Rate Note" and "Texas Home Equity Security Instrument" (together, the "Loan") for $256,000 in favor of original lender New Century Mortgage Corporation.[3] The Siegels provided their Property, located at 13727 Windlass Circle, Galveston, Texas 77554, as security. The Loan contained an optional acceleration clause:

> **8 (C). Notice of Default**
> If I am in deficit, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal that has not been paid and all the interest I owe on that amount. The date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means . . . .

In 2009, the Siegels stopped paying their monthly mortgage payment. U.S. Bank issued a **NOTICE OF DEFAULT AND INTENTION TO ACCELERATE**, informing the Siegels of its intent to accelerate the mortgage. On June 9, 2010, U.S. Bank issued a **NOTICE OF ACCELERATION**. U.S. Bank moved to foreclose on the lien. On September 16, 2011, U.S. Bank applied for and received an order of nonsuit. On September 28, 2011, U.S. Bank issued a **NOTICE OF DEFAULT AND INTENTION TO ACCELERATE,** providing that:

> 1. The loan is in default for failure to make the regular monthly payments required by the Note and Deed of Trust.
> 2. The action required to cure the default is the payment of all sums due under the Note and Deed of Trust.
> 3. If the default is not cured by such payment within thirty (30) days of the date of this notice, without further notice or demand, the maturity date of the Note will be accelerated and all sums secured by the Deed of Trust will be declared to be immediately due and payable. . . .
> . . . .

[3] Shortly thereafter, New Century Mortgage Corporation assigned the Loan to U.S. Bank.

> As of September 18, 2011, the amount required to cure the default is $164,745.54 . . . .

A **NOTICE OF ACCELERATION** followed on November 3, 2011. It stated that U.S. Bank "has accelerated the maturity date of the Note and has declared all sums secured by the Deed of Trust to be immediately due and payable." In March 2015, the Siegels filed suit in the 122nd District Court of Galveston County, Texas. They requested a permanent injunction that would 1) declare that the statute of limitations barred U.S. Bank from foreclosing; 2) specify the parties' respective rights and duties in connection with the Loan; 3) declare that U.S. Bank lacked the power of sale; and 4) declare that the power of sale and property lien are void. U.S. Bank timely removed the case. On October 30, 2015, it issued a **RESCISSION OF ACCELERATION**. U.S. Bank's motion for summary judgment, the Siegels' Reply, and U.S. Bank's Response followed.

## SUMMARY JUDGMENT STANDARD

U.S. Bank's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Under this rule, a reviewing court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242-43 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.*

"When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which the movant bears the burden of proof at trial." *Serna v. Law Office of Joseph Onwuteaka, P.C.,* 614 Fed. App'x. 146, 152 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1160 (2016) (citing *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995) (per curiam)). The movant discharges this burden by making out "a prima facie case that would entitle [it] to judgment as a matter of law if uncontroverted at trial." *Id.* (internal citations omitted).

If the movant succeeds, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.* (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotation marks omitted). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence." *Adair v. Deutsche Bank Nat'l Trust Co.*, No. A-15-CA-395-SS, 2016 WL 2918573, at *2 (W.D. Tex. May 18, 2016) (internal citation and quotation marks omitted).[4] The nonmovant must "identify specific evidence in the record and to

[4] The question of the time of accrual is a question of law. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990). Whether acceleration occurred is a fact question. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001). Courts have inconsistently characterized the question of whether abandonment occurred. For example, in *Khan v. GBAK Properties, Inc.*, 371 S.W. 3d 347 (Tex. App.—Houston [1st Dist.] 2012), the court found "a material fact issue as to the abandonment of acceleration of the Note." However, the same

articulate the precise manner in which that evidence supports [its] claim." *Id*. A court ruling on a motion for summary judgment will disregard disputed fact issues that are "irrelevant and unnecessary" *Id*.

**DISCUSSION**

Where a claim is governed by state law, "the law to be applied in any case is the law of the state." *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The claim springs from Texas's Civil Practice and Remedy Code. It is thus properly governed by Texas law. *Boren v. U.S. National Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015).

Under Texas law, a party must foreclose "not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REMEDIES CODE ANN. § 16.035 (a) (West 1997). When a note is payable in installments, "the four-year limitations period does not begin to run until the maturity date of the last . . . installment." § 16.035 (e). Once the four-year period expires, "the real property lien and a power of sale to enforce the real property lien become void." § 16.035 (d). The limitations statute for a note containing an optional acceleration clause does not run automatically upon default. Instead, "the action accrues only when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W. 3d 562, 566 (Tex. 2001). Acceleration requires a "clear and unambiguous . . . (1) notice of intent to accelerate and (2) notice of acceleration." *Id*. Acceleration may be abandoned, which "effectively restor[es] the

---

opinion acknowledged that Texas courts use the terms 'abandonment' and 'waiver' interchangeably. *Id.* Waiver is a question of law. *Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008). Assuming, *arguendo*, that abandonment is a fact question, summary judgment remains proper where the movant's evidence is not disputed.

note's original maturity date." *Id*. at 566-67 (citing *Denbina v. City of Hurst*, 516 S.W. 2d 460, 463 (Tex. Civ. App—Tyler 1974, no writ)).

In *Boren v. U.S. National Association*, the United States Court of Appeals for the Fifth Circuit recently decided a case containing a set of facts that is remarkably similar to those of the instant case. 807 F.3d 99 (5th Cir. 2015). In *Boren*, property owners defaulted on a home equity loan, also executed with U.S. Bank. *Id*. at 102. The loan contained an optional acceleration clause. *Id*. U.S. Bank notified them that their loan was in default and would be accelerated if the default was not cured. *Id*. U.S. Bank next issued a Notice of Acceleration, and applied for a nonjudicial foreclosure order that it later dismissed. *Id.* U.S. Bank then sent several Notices of Default, each followed by a Notice of Acceleration. *Id*. These Notices reported the amount—less than the full acceleration balance—that was necessary to cure the default. *Id.* at 102-03. This pattern continued until the Borens sued, arguing that the bank's foreclosure was time-barred by § 16.035. *Id*. at 103. The district court granted summary judgment, holding that, "[the bank], through its actions, abandoned its previous acceleration of the debt, and the statute of limitations, therefore, did not bar foreclosure." *Id.* (internal citations omitted).

On appeal, the bank acknowledged that it triggered the statute of limitations. *Id.* at 104. This occurred when it provided the Borens with notice of intent to accelerate and notice of acceleration. *Id*. However, it argued, acceleration was abandoned by sending a subsequent Notice of Default. *Id.* This notified the Borens that they "could bring their loan current by submitting the amount of their past due monthly payments—rather than the full balance of the loan—and provided that the bank *would* accelerate the loan if the

Borens failed to cure this arrearage within forty-five days." *Id.* According to the bank, "by sending this Notice, it restored the Note to its original terms and the statute of limitations did not begin to run again until it sent a subsequent notice of acceleration following the Borens' failure to submit any payments." *Id*.

The Fifth Circuit was "bound to apply Texas law as interpreted by the state's highest court." *Id*. (quoting *American International Specialty Lines Insurance Co. v. Rentech Steel LLC*, 620 F.3d 558, 564 (5th Cir. 2010) (internal quotations and alterations omitted)). However, the Texas Supreme Court had not ruled on the validity of unilaterally abandoning acceleration. *Id.* at 105. The Fifth Circuit therefore made an '*Erie* guess,' as to how the Texas court would have ruled. *Id.* In so doing, the Fifth Circuit relied upon Texas caselaw, the state's use of traditional waiver principles to address abandonment[5], and a recent Texas statute validating the unilateral rescission of acceleration. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566–67 (Tex. 2001); *Dallas Joint Stock Land Bank v. King,* 167 S.W.2d 245, 247 (Tex.Ct.App.1942). *See also* TEX. CIV. PRAC. & REMEDIES CODE ANN. § 16.038 (West June 17, 2015). The Fifth Circuit found that "the Texas Supreme Court would likely hold that a lender may unilaterally abandon acceleration of a note, thereby restoring the note to its original condition." *Boren*, 807 F.3d at 105. One way in which this may occur is "by sending notice to the borrower that the lender is no longer seeking to collect the full

[5] Under Texas law, the elements of waiver include: (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right. *Boren v. U.S. National Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015).

balance of the loan and will permit the borrower to cure its default by providing sufficient payment to bring the note current under its original terms." *Id*.

Here, U.S. Bank accelerated a mortgage on a defaulting property owner. This was done pursuant to the loan's optional acceleration clause. Acceleration started the statute of limitations running. Here, as in *Boren*, U.S. Bank subsequently provided Notices of Default, of Intent to Accelerate, and of Acceleration. *See id*. at 102. The Notice of Default informed the Siegels that they could bring their loan current by paying $164,745.54, the amount of their past-due payments. By paying this amount—less than the entire amount owed on the mortgage—within thirty days, they could avoid future acceleration. As it did in *Boren*, U.S. Bank provided "notice to the borrower that the lender is no longer seeking to collect the full balance of the loan and will permit the borrower to cure its default by providing sufficient payment to bring the note current under its original terms." *See id*. at 105. Under *Boren*, U.S. Bank thus unilaterally abandoned acceleration on September 28, 2011. It did so by providing the Siegels with its Notice of Default and Intent to Accelerate. The statute of limitations reset and the Loan was restored to its original condition.

The Siegels do not dispute the facts leading to this conclusion. However, they make the following legal arguments in their response to U.S. Bank's motion for summary judgment:

1) U.S. Bank lacks standing to enforce the Loan;

2) the assignment from the original lender to U.S. Bank was illegal;

3) contract law prohibits implying the right of unilateral abandonment where the contract does not so expressly grant such a right;

4) U.S. Bank improperly interpreted *Martin v. Federal National Mortgage Ass'n*, 814 F.3d 315 (5th Cir. 2016), *Callan v. Deutsche Bank Trust Co. Americas,* 11 F. Supp. 3d 761 (S.D. Tex. 2014) (*amended by Callan v. Deutsche Bank Trust Co. Americas*, 93 F. Supp. 3d 725), and *Leonard v. Ocwen*, 616 F. App'x 677 (5th Cir. June 9, 2015);

5) the Siegels' inequitably deemed admissions created internal contradictions in the record; and

6) U.S. Bank's reliance on TEX. CIV. PRAC. & REMEDIES CODE ANN. § 16.038 (West 2015), was an unconstitutional ex post facto application of law.

Because these arguments are improperly raised in a response to a motion for summary judgment, the Court declines to consider them here.[6]

**CONCLUSION**

The evidence is undisputed and binding authority is clear. U.S. Bank abandoned the Loan in 2011. U.S. Bank made a prima facie case for abandonment that would entitle it to judgment as a matter of law if uncontroverted at trial. In doing so, it met its initial burden under the summary judgment standard. In contrast, the Siegels produced no specific facts showing that there is a genuine issue for trial. The Siegels thus failed to carry their responsive burden.

[6] In any case, this Opinion does not rely upon any of the Siegels' deemed admissions; § 16.038; or *Martin*, *Callan*, or *Leonard.* To the extent that *Boren* cited to *Leonard*—in a footnote and as part of a '*see also'* stringcite supporting unilateral abandonment—the citations were not crucial to the court's holding. *See Cavalier ex rel Cavalier v. Caddo Parish School Board*, 403 F.3d 246, 257 (5th Cir. 2005) (noting unpublished opinion may be persuasive under U.S. Ct. App. 5th Cir. § 47.5.4).

The Court therefore **GRANTS** U.S. Bank's motion for summary judgment and **DISMISSES** the Siegels' claim for declaratory relief.

SIGNED at Galveston, Texas, this 22nd day of November, 2016.

George C. Hanks Jr.
United States District Judge